UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA KASE, | Case No. 10-12926 |
|        Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
|        Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 15)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed her administrative social security disability claims on April 12, 2005, alleging that she became unable to work on April 15, 2003. (Dkt. 6, Tr. at 55-57). The claim was initially disapproved by the Commissioner on June 10, 2006. (Dkt. 6, Tr. at 49). Plaintiff requested a hearing and on October 15, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Henry Perez, Jr., who considered the case *de novo*. In a decision dated December 18, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 6, Tr. at 18-30). Plaintiff requested a review of this decision on December 31, 2008. (Dkt. 6, Tr. at 42-46). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits (AC-1-3, Dkt. 6, Tr. at 480-494), the

Appeals Council, on July 1, 2010, denied plaintiff's request for review. (Dkt. 6, Tr. at 6-11).

On July 25, 2010, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Victoria A. Roberts referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This came before the Court on cross-motions for summary judgment (Dkt. 8, 9), and the undersigned recommended that the ALJ's decision be reversed and remanded for further proceedings. (Dkt. 12). Judge Roberts adopted this recommendation on July 25, 2011 and remanded this matter to the agency. (Dkt. 13, 14).

On August 19, 2011, plaintiff timely filed a motion for attorney fees under the Equal Access to Justice Act (EAJA). (Dkt. 15). Plaintiff requests a total of $2030 in attorney fees and requests that those fees be paid directly to her attorney. (Dkt. 15). This motion was referred to the undersigned for report and recommendation. (Dkt. 16). The government filed a response on August 30, 2011. (Dkt. 18). The Commissioner does not object to the amount of fees requested by plaintiff. (Dkt. 18, Pg ID 620). The government's only objection is to plaintiff's request to have the fees paid directly to her attorney, which the

government says is contrary to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). (Dkt. 18).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) fees in the amount of $2030 be awarded to plaintiff; (3) the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

## II. ANALYSIS AND CONCLUSION

Judgments are entered by the Court for or against the parties to a lawsuit, not the attorneys representing the parties. The EAJA provides in pertinent part that the court must award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). The Commissioner argues that the Court should direct that any award of EAJA fees be payable to plaintiff, not plaintiff's attorney, citing the United States Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). Plaintiff has not directly addressed this issue.

In *Ratliff*, the social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d). Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought an administrative offset of that amount from the EAJA award. The

claimant's attorney intervened to challenge the offset, arguing that the EAJA award belonged to her as the claimant's attorney, and thus could not be used to offset her client's debt. The Supreme Court granted *certiorari* to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Ratliff*, 130 S.Ct. at 2524. The Court held that, pursuant to the plain language of the statute, such an award is "payable to the litigant[.]" *Id*. The Court rejected the contention that the Commissioner's historical practice of paying lawyers directly in cases where the claimant had assigned her rights to the fee, and owed the government no debt, mandated a different result. *Id*. at 2528-29; *see also id.* at 2530 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J. concurring). Because the EAJA award was 'payable to the litigant," it was subject to the government offset to satisfy the claimant's debt. *Id*.

As noted by a federal court from the Eastern District of Arkansas, following the *Ratliff* decision, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. *Johnson v. Astrue*, 2010 WL 3842371, *2 (E.D. Ark. 2010) (collecting cases). These courts have reached

varying conclusions as to whether, in light of an assignment, the attorney fee can be paid directly to the plaintiff's lawyer or must still be made to the client. Based on a review of the post-*Ratliff* case law, the Arkansas District Court reached the following conclusions:

> While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is not in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court, that makes both of those determinations after the entry of this Order awarding attorney's fees.

*Johnson*, at *3. The same is true here, while plaintiff has presented the assignment, the Court does not know whether plaintiff has any valid debt owing to the government. Thus, the undersigned concludes that, despite the assignment, there is no basis to vary from *Ratliff* and the Commissioner will have to determine (a) whether plaintiff has made a valid assignment; and (b) whether claimant is indebted to the government. *Cowart v. Comm'r of Soc. Sec.*, — F.Supp.2d —, 2011 WL 2441468 (E.D. Mich. 2011) ("The Commissioner has not indicated whether in fact [plaintiff] owes money to the Government. I will therefore follow the common practice and give him the opportunity to determine whether there is a

pre-existing debt that would offset the EAJA fees."). If the assignment is deemed valid and plaintiff is not indebted to the government, the Commissioner may pay the attorney fees directly to plaintiff's counsel without running afoul of *Ratliff*.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) fees in the amount of $2030 be awarded to plaintiff; (3) the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and (4) if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 18, 2011                s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Marc J. Littman, Kenneth L. Shaitelman, AUSA, and the Commissioner of Social Security.

                                        s/Darlene Chubb
                                        Judicial Assistant
                                        (810) 341-7850
                                        darlene_chubb@mied.uscourts.gov